## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES FAULKNER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-01587-MPS |
| | ) | |
| BARNETT OUTDOORS LLC and | ) | |
| CABELA'S WHOLESALE, INC., | ) | |
| | ) | |
| Defendants. | ) | November 21, 2017 |

### DEFENDANTS, BARNETT OUTDOORS, LLC AND CABELA'S WHOLESALE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, BARNETT OUTDOORS, LLC, (hereinafter "Barnett") and CABELA'S WHOLESALE, INC., (hereinafter "Cabela's) by and through their undersigned counsel, hereby files their Answer and Defenses the Plaintiff's Complaint as follows:

### FIRST COUNT — (PRODUCTS LIABILITY - C.G.S. § 52-572m / James Faulkner v. Barnett Outdoors, LLC)

1. Barnett is without knowledge of the allegations contained in paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2. Barnett Outdoors, LLC, admits that it is a limited liability company existing under the laws of the State of Florida that has manufactured, produced, and distributed goods with the reasonable expectation that such goods would be sold or used within the State of Connecticut. Barnett denies the remaining allegations in paragraph 2.

3. Barnett Outdoors, LLC admits that it designs, manufactures, assembles, and distributes, and/or sells the Cabela's Vindicator crossbow. Barnett lacks sufficient knowledge of the remaining allegations in paragraph 3 and therefore denies the same.

4. Paragraph 4 sets forth a legal conclusion for which no response is required.

5.     Barnett Outdoors, LLC admits that it designs, tests, manufactures, assembles, and distributes, repairs, packages, prepares instructions and/or warnings, labels and/or the Cabela's Vindicator crossbow.  Barnett denies the remaining allegations in paragraph 5.

6.     Barnett admits that the Cabela's Vindicator Crossbow was placed into the stream of commerce by the defendant with the expectation that it would reach consumers without substantial change in condition.  Barnett is without knowledge of the allegations contained in paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7.     Barnett is without knowledge of the allegations contained in paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8.     Barnett denies the allegations in paragraph 8 of Plaintiffs' Complaint including the allegations in subparagraphs (a)(i) through (d)(iv).

9.     Barnett is without knowledge of the allegations contained in paragraph 9 of Plaintiff's Complaint including the allegations in subparagraphs (a) through (h), and therefore denies the same.

10.     Barnett is without knowledge of the allegations contained in paragraph 10 of Plaintiff's Complaint and therefore denies the same.

11.     Barnett is without knowledge of the allegations contained in paragraph 11 of Plaintiff's Complaint and therefore denies the same.

12.     Denied.

## SECOND COUNT— (MALFUNCTION THEORY- James Faulkner v. Barnett Outdoors, LLC)

1.-12.  Barnett adopts and incorporates by reference herein its responses to paragraphs 1 through 12 above as if fully set forth herein.

13.     Denied.

14.   Denied.

**THIRD COUNT** — (SPOLIATION - James Faulkner v. Barnett Outdoors, LLC)

1.-12.   Barnett adopts and incorporates by reference herein its responses to paragraphs 1

through 12 above as if fully set forth herein.

13.   Denied.

14.   Denied.

15.   Denied.

16.   Denied.

**FOURTH COUNT** — (PRODUCTS LIABILITY - C.C.S. § 52-572m / James Faulkner v.
**Cabela's Wholesale, Inc.)**

1.   Admitted.

2.   Admitted.

3.   Paragraph 3 sets forth a conclusion of law for which no response is required.

4.   Cabela's admits that it engaged in selling Cabela's Vindicator crossbows.

Cabela's denies the remaining allegations of Count Four, paragraph 4.

5.   Cabela's admit that the Cabela's Vindicator Crossbow was placed into the stream

of commerce by the defendant with the expectation that it would reach consumers without

substantial change in condition.  Defendants are without knowledge of the allegations contained

in paragraph 5 of Plaintiff's Complaint and therefore deny same.

6.   Cabela's is without knowledge of the allegations contained in paragraph 6 of

Plaintiff's Complaint and therefore denies the same.

7.   Cabela's denies the allegations in paragraph 7 of Plaintiffs' Complaint including

the allegations in subparagraphs (a)(i) through (d)(iv).

3

8. Cabela's is without knowledge of the allegations contained in paragraph 8 of Plaintiff's Complaint including the allegations in subparagraphs (a) through (h), and therefore denies the same.

9. Cabela's is without knowledge of the allegations contained in paragraph 9 of Plaintiff's Complaint and therefore denies same.

10. Cabela's is without knowledge of the allegations contained in paragraph 6 of Plaintiff's Complaint and therefore denies same.

11. Denied.

## FIFTH COUNT — (MALFUNCTION THEORY - James Faulkner v. Cabela's Wholesale, Inc.)

1.-11. Cabela's adopts and incorporates by reference herein its responses to paragraphs 1 through 11 of Count Four above as if fully set forth herein.

12. Denied.

13. Denied.

## SIXTH COUNT — (SPOLIATION - James Faulkner v. Cabela's Wholesale, Inc.)

1.-11. Cabela's adopts and incorporates by reference herein its responses to paragraphs 1 through 11 of Count Four above as if fully set forth herein.

12. Denied.

13. Denied.

14. Denied.

15. Denied. Defendants additionally deny the allegations in Plaintiff's "wherefore" clause following paragraph 15.

## DEFENDANTS' AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

At the time and place and upon the occasion described in Plaintiff's Complaint, Plaintiff James Faulkner was negligent and his negligence was the sole or a contributing cause of Plaintiff's complained-of damages. Accordingly, any award in favor of Plaintiff must be reduced or eliminated in accordance with the law of contributory negligence.

### SECOND AFFIRMATIVE DEFENSE

Defendants are entitled to a set-off of all amounts paid by any collateral source providers.

### THIRD AFFIRMATIVE DEFENSE

At the time and place and upon the occasion described in Plaintiff's Complaint, the product was not in the same or substantially same condition as when it left the custody and control of Defendants.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff sustained injuries, and to the extent that such injuries were the result of the carelessness, negligence or want of care of third-parties, Defendants are entitled to apportionment of fault among all other causing or contributing to Plaintiff's complained-of damages.

### FIFTH AFFIRMATIVE DEFENSE

Because the subject product complied with applicable Federal and State codes, statutes, regulations or standards, and was state-of-the-art at the time of manufacture, Defendants are entitled to a rebuttable presumption of non-defect with respect to the safety of the product.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims, insofar as they seek recovery based upon an allegedly defective and/or dangerous product, are preempted by Federal law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited to the extent of the limited warranty given with the product.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages were caused by an intervening cause, specifically, the failure of James Faulkner and/or others to reasonably inspect the crossbow prior to its use by James Faulkner, and/or the Plaintiff and/or others alteration of the crossbow prior to its use by James Faulkner.

## NINTH AFFIRMATIVE DEFENSE

If there was any defect in the crossbow at the time of the incident alleged in the Complaint, as to which Defendants deny knowledge and information, such defect was not present at the time it left Defendants' possession and entered the stream of commerce.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited because the crossbow contained no latent defects, and any dangerous quality of the crossbow was obvious.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited by Plaintiffs assumption of the risk in that James Faulkner used the crossbow in an unreasonable manner by placing his pinky in front of the immediate and obvious trajectory of the crossbow string. Defendants' product, a crossbow, had an attached label and was packaged with instructions, and both the label and instructions clearly warned in

6

large type and diagrams to keep your hands and fingers below the crossbow stock to prevent injury.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred or limited by the Plaintiff's or third parties' misuse, abuse, or neglect of the product or by modifications or alterations to the product.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's damages, if any, may be barred or reduced in part by the Plaintiff's failure to take reasonable steps under the circumstances to minimize or mitigate the claimed damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any applicable warranties were waived, disclaimed, or limited.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent necessary, adequate warnings to the reasonably foreseeable end users of the product were provided.

## SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims, insofar as they seek recovery based upon implied or express warranties, are barred because Plaintiff lacks privity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The law to govern this action should be the law of the forum with the most significant relationship to the action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages in Connecticut and/or Florida are unduly vague and subjective, and

permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

## NINETEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the Connecticut and/or Florida standards for determining the amount of the award are unduly vague and subjective and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interests.

## TWENTIETH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because Connecticut and/or Florida's post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case in the absence of procedural safeguards afforded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case based upon evidence of Defendants' wealth or financial status would violate the Dues Process Clauses of the Fifth and Fourteenth Amendment to the United States Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case based on the out-of-state conduct, profits and aggregate financial status of Defendants would violate the commerce clause, the equal protective clause and the privileges and immunities clause in the United States Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case pursuant to Connecticut and/or Florida law to punish Defendants for conduct that occurred outside of Connecticut and/or Florida would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claim for punitive damages in this case is governed by the law of Connecticut. Plaintiff is not entitled to punitive damages under Connecticut law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred in whole or part by the sophisticated intermediary doctrine as Plaintiff claims to have purchased the crossbow from an authorized retailer.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or party by the sophisticated user defense as based on Plaintiff's training, experience, knowledge, and/or skill, Plaintiff knew or should have known of the crossbow's potential risk, harm, and/or danger.

THE DEFENDANTS,
BARNETT OUTDOORS, LLC and
CABELA'S WHOLESALE, INC.

BY: _____

Joseph G. Fortner, Jr.
HALLORAN & SAGE LLP
225 Asylum Street
Hartford, CT 06103-4303
Fed. Bar No. ct04602
Telephone: (860) 297-4609
Fax: 860-548-0006
fortner@halloransage.com

## CERTIFICATE OF SERVICE

This is to certify that on this 21st day of November, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

BY: _____

Joseph G. Fortner, Jr.
HALLORAN & SAGE LLP
225 Asylum Street
Hartford, CT 06103-4303
Fed. Bar No. ct04602
Telephone: (860) 297-4609
Fax: 860-548-0006
fortner@halloransage.com

5121966v.1